IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MOUNTAINEER HOTEL LTD CO.**, by and
through its members, Jody Gooslin,

    **Plaintiff,**

v.            **CASE NO. 2:23-cv-00642**

**SENECA INSURANCE COMPANY, INC.** an affiliate company
of Crum and Forster Holdings Corporation,

    **Defendant.**

## NOTICE OF REMOVAL

Defendant Seneca Insurance Company Inc. ("Seneca"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the case styled *Mountaineer Hotel LTD Co. v. Seneca Insurance Company, Inc.*, Civil Action No. 23-C-104, pending in the Circuit Court of Mingo County, West Virginia to this Court. As grounds for the removal of this action to this Court, Seneca states as follows:

1. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441(a) and § 1446, which provides that any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction may be removed by a defendant.

2. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint served on Seneca via Certified Mail and the corresponding tracking receipt are attached hereto as **Exhibits 1** and **2**. A copy of the Mingo County, West Virginia docket sheet for this matter is attached as

**Exhibit 3**.[1] Upon information and belief, other than these filings, no other proceedings have occurred in state court, and no other pleadings, process, or orders have been served.

3. A copy of the Summons and Complaint was served on Seneca on August 29, 2023 via Certified Mail, and the parties have agreed this is the date of service on Seneca.

4. This Notice of Removal is filed within 30 days of receipt of a pleading or document that made the civil action removable and, therefore, is timely under 28 U.S.C. § 1446(b).

5. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed to the District Court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Charleston Division of the Southern District of West Virginia is the United States district and division assigned to Mingo County, West Virginia, the county in which the state court action is pending.

6. As required by 28 U.S.C. § 1446(d), Seneca is promptly giving all parties written notice of the filing of this Notice of Removal and is promptly filing a copy of this Notice with the Clerk of the Circuit Court of Mingo County, where the action is currently pending.

7. The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties. Seneca was, at the time the state court action was filed, and remains as of the date of filing of this Notice of Removal, diverse in citizenship from Plaintiff. *See* 28 U.S.C. § 1332(a). Also, this court has original jurisdiction over this case because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

---

[1] The docket sheet does not reflect service upon Seneca. Rather, it only documents that Plaintiff paid for service through the court. The parties, however, have agreed that service of the Summons and Complaint was effected by Certified Mail upon Seneca on August 29, 2023.

8. Plaintiff is a citizen of the State of West Virginia. Specifically, the Complaint alleges that "Plaintiff MOUNTAINEER is and was at all times relevant herein a West Virginia LLC with a principal address of 31 East Second Avenue, Williamson, West Virginia, and a mailing address of PO Box 2076, Williamson, West Virginia 25661." Ex. 1, Complaint at ¶ 1.

9. Conversely, Defendant cannot be considered a citizen of West Virginia for the purpose of diversity jurisdiction. Seneca is a New York corporation with a principal place of business in New York. Ex. 1, Complaint at ¶ 2.

10. Therefore, there is complete diversity as required under 28 U.S.C. § 1332.

11. Additionally, the amount-in-controversy exceeds $75,000.00, as required under 28 U.S.C. § 1332.

12. Plaintiff's Complaint centers around an insurance policy that was issued to Plaintiff, and the Complaint brings causes of action for breach of contract and bad faith, as well as violations of the Unfair Trade Practices Act ("UTPA") pursuant to West Virginia Code §33-11-4 et seq. See, e.g., Ex. 1, Complaint at ¶¶ 14-25. Plaintiff does not seek a specific dollar amount in its Complaint, but Plaintiff alleges that it is entitled to compensatory damages for each claim, as well as punitive damages; policy proceeds; attorneys' fees; economic loss; aggravation; inconvenience; emotional distress; and pre-judgment interest. Id. at ¶¶ 16-17; 20; 24-25 and "Wherefore" paragraph. In similar cases involving insurance disputes, in addition to compensatory damages, federal courts in West Virginia have consistently recognized that statutory damages available under the UTPA, punitive damages, and properly requested attorneys' fees routinely take the amount-in-controversy of a dispute above the $75,000.00 jurisdictional limit. See, e.g., Jackson v. Am. Nat'l Prop. & Cas. Co., No. 2:17-cv-03802, 2017 U.S. Dist. LEXIS 190572 (S.D. W. Va. Nov. 17, 2017); Cerra v. USAA Cas. Ins. Co., No. 5:21-CV-43, 2021 U.S. Dist. LEXIS 264930

(N.D. W. Va. July 8, 2021); *Elliott v. AAA Ins.*, No. 5:15-CV-146, 2016 U.S. Dist. LEXIS 3598 (N.D. W. Va. Jan. 12, 2016); *Kenney v. Indep. Order of Foresters*, No. 3:12-CV-123, 2012 U.S. Dist. LEXIS 175370 (N.D. W. Va. Dec. 11, 2012); *Woods v. Nationwide Mut. Ins. Co.*, No. 5:05-CV-165, 2006 U.S. Dist. LEXIS 40580 (N.D. W. Va. June 16, 2006).

13. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse in their respective citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Notice of this removal, attached hereto as **Exhibit 4**, has been filed with and provided to the Clerk of the Circuit Court of Mingo County, West Virginia.

15. Defendant has complied with all applicable provisions of 28 U.S.C. § 1446 governing the process for removal.

WHEREFORE, Defendant submits this Notice of Removal to the Court and hereby gives notice to the Clerk of the Circuit Court of Mingo County, West Virginia, that said removal is hereby effected on this 26th day of September 2023, and that no further action by the Circuit Court shall take place unless this action be remanded by this Court.

SENECA INSURANCE COMPANY, INC.

BY DINSMORE & SHOHL LLP

*/s/ Jill Cranston Rice*
Jill Cranston Rice (WV State Bar No. 7421)
Lauren E. Motes (WV State Bar No. 14053)
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Telephone: (304) 296-1100
Facsimile: (304) 296-6116
Email: jill.rice@dinsmore.com
Email: lauren.motes@dinsmore.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MOUNTAINEER HOTEL LTD CO.**, by and
through its members, Jody Gooslin,

    **Plaintiff,**

v.          CASE NO. 2:23-cv-00642

**SENECA INSURANCE COMPANY, INC.** an affiliate company
of Crum and Forster Holdings Corporation,

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Jill Cranston Rice, do hereby certify that the foregoing **Notice of Removal** was served upon all parties via the CM/ECF Court System, and by regular U.S. Mail, on this the 26th day of September 2023 to the following counsel of record:

>Jeffrey S. Simpkins
>Simpkins Law
>102 E. 2nd Ave.
>Williamson, WV 25661
>*Counsel for Plaintiff*

        */s/ Jill Cranston Rice*
        Jill Cranston Rice (WV State Bar No. 7421)