West Virginia E-Filing Notice

CC-30-2023-C-104

Judge: Miki J. Thompson

**To:** SENECA INSURANCE COMPANY, INC.
199 WATER STREET
NEW YORK, NY 10038

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA
MOUNTAINEER HOTEL LTD CO v. SENECA INSURANCE COMPANY, INC.
CC-30-2023-C-104

The following complaintwas FILED on 8/23/2023 5:12:01 PM

Notice Date:     8/23/2023 5:12:01 PM

Lonnie Hannah
CLERK OF THE CIRCUIT COURT
Mingo County
78 East 2nd Ave
WILLIAMSON, WV 25661

(304) 235-0320
Lonnie.Hannah@courtswv.gov

EXHIBIT 1

**SUMMONS**

E-FILED | 8/23/2023 5:12 PM
CC-30-2023-C-104
Mingo County Circuit Clerk
Lonnie Hannah

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA
### MOUNTAINEER HOTEL LTD CO v. SENECA INSURANCE COMPANY, INC.

Service Type:     Circuit Clerk - Certified Mail - Including Copy Fee

NOTICE TO:   SENECA INSURANCE COMPANY, INC., 199 WATER STREET, NEW YORK, NY 10038
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Jeffrey Simpkins, 102 E Second Ave, Williamson, WV 25661

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

8/23/2023 5:12:01 PM                      /s/ Lonnie Hannah
_____          _____
Date                                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on   _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____                    _____
Date                                                      Server's Signature

E-FILED | 8/23/2023 5:12 PM
CC-30-2023-C-104
Mingo County Circuit Clerk
Lonnie Hannah

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

**MOUNTAINEER HOTEL LTD CO., by and**
**through its member, Jody Gooslin,**
     **Plaintiff,**

**v.**                                          **Civil Action No. 23-C-**

**SENECA INSURANCE COMPANY, INC. an affiliate company**
**of Crum and Forster Holdings Corporation,**
     **Defendant.**

---

## COMPLAINT

---

Now comes Plaintiff Mountaineer Hotel LTD Co ("Plaintiff MOUNTAINEER"), by counsel, Jeffrey S. Simpkins, and for this cause of action against Seneca Insurance Company ("Defendant SENECA"), hereby avers as follows:

### PARTIES

1.     Plaintiff MOUNTAINEER is and was at all times relevant herein a West Virginia LLC with a principal address of 31 East Second Avenue, Williamson, West Virginia, and a mailing address of PO Box 2076, Williamson, West Virginia, 25661.

2.     Defendant SENECA is and was at all times relevant herein a New York Corporation with a principal office at 199 Water Street, 29th Floor, New York, NY 10038.

### JURISDICTION AND VENUE

3.     Mingo County Circuit Court has original and general jurisdiction pursuant to West Virginia Code § 51-2-2(b).

4.    Venue is proper in Mingo County Circuit Court pursuant to West Virginia Code § 56-1-1(a)(1).

### FACTS

5.    That the Plaintiff, MOUNTAINEER, under the current administration, was duly organized and incorporated under the laws of the State of West Virginia with an effective filing date of December 13, 2018, with two (2) members, namely Jody Gooslin and Christopher D. Beckett.   As an aside, the MOUNTAINEER is a place of legend and is on the National Registrar of Historic Places.

6.    That this derivative suit is being brought in the name of the Plaintiff, MOUNTAINEER, by its member Jody Gooslin and consented to by the additional member, Christopher D. Beckett.

7.    That the Plaintiff MOUNTAINEER had Commercial Property Policy SSP1507015 in effect through Defendant SENECA which contractually obligated Defendant SENECA to indemnify Plaintiff MOUNTAINEER for loss sustained by fire, water, etc, during the effective dates from April 10, 2022, through April 10, 2023.

8.    That on or about December 26, 2023, during the effective dates of the policy, the Plaintiff MOUNTAINEER sustained severe water damage and duly notified the Defendant SENECA on December 29, 2022.

9.    That after Plaintiff MOUNTAINEER notified Defendant SENECA of the claim, Defendant SENECA sent an acknowledgment of the claim on February 17, 2023, under SENECA Claim Number 22LLN321 at which time the Defendant SENECA requested documentation relating to heating systems, maintenance records, electricity

records, plumbing repairs/invoices, etc, to which Plaintiff MOUNTAINEER complied and provided DEFENDANT SENECA with Mountaineer Gas records from November 15, 2022, through June 20, 2023,  Appalachian Power records from November 16, 2022, through May 22, 2023, invoice for repairs by BBL Carlton, etc.  Although the records have been provided, Defendant SENECA continued to deny the claim based on their unilateral decision         that         the         records         are         incomplete.

10.     That the Plaintiff MOUNTAINEER actively engaged and participated in its duties and responsibilities as an insured under the policy to notify the carrier, give proper notice to the carrier, provide a description of how, when and where the loss occurred, took reasonable steps to protect the property, provided complete inventories of the damaged property, permitted the inspection of the property on multiple occasions and fully cooperated with the Defendant SENECA.

11.     That although the Plaintiff MOUNTAINEER has fully complied with any and all requests from Defendant SENECA, Defendant SENECA sent additional correspondence dated August 9, 2023, wherein again Defendant SENECA nefariously and speciously denies the claim by alleging that coverage and liability are continually being investigated under a reservation of rights, based on temperature of the MOUNTAINEER, ie., 55 degrees minimum, occupancy of 31% of the square footage, etc.

12.     At the time of the filing of the Complaint, Defendant SENECA has continued to investigate this claim for eight (8) months in an effort to deny the claim while knowing that liability is reasonably certain and has failed to effectuate a prompt, reasonable and fair settlement, continues to fail to complete a prompt, thorough and proper investigation to determine liability/damages based on available information which has resulted in the

failure to pay the claim, continues to request overburdensome and unnecessary documentation demands (See page 7 of August 9, 2023, letter), continues to deny, diminish and/or delay the claim based the alleged conduct of the Plaintiff in an effort to minimize the gravity of their responsibilities and duties under the claim

### SUMMARY OF CASE

13.    Defendant SENECA unilaterally breached the insurance agreement, violated the doctrine of reasonable expectations, breached the duty of good faith and fair dealing, engaged in unfair claims settlement practices, and is estopped from denying coverage.

### BREACH OF CONTRACT

14.    Plaintiff MOUNTAINEER adopts the preceding averments by reference as if fully set forth verbatim herein.

15.    The refusal of Defendant SENECA to indemnify Plaintiff MOUNTAINEER and promptly settle Plaintiff MOUNTAINEER's claim constitutes a breach of the insurance contract.

16.    Plaintiff MOUNTAINEER has sustained compensatory damages in excess of the jurisdictional limits of Mingo County Circuit Court, including, but not limited to, economic loss, loss of income, loss of future income, aggravation, inconvenience, and emotional distress, as a direct and proximate result of Defendant SENECA's breaching of the insurance contract.

17.    Defendant SENECA willfully, maliciously, and intentionally breached the insurance contract, thereby entitling Plaintiff MOUNTAINEER to punitive damages under WV Code 55-7-29.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

18.    Plaintiff MOUNTAINEER adopts the preceding averments by reference as if fully set forth verbatim herein.

19.    Defendant SENECA has breached the duty of good faith and fair dealing by compelling Plaintiff MOUNTAINEER to institute this action against Defendant SENECCA in order to procure payment of Plaintiff MOUNTAINEER's claim.

20.    Plaintiff MOUNTAINEER has sustained compensatory damages in excess of the jurisdictional limits of Mingo County Circuit Court, including, but not limited to, economic loss, aggravation, inconvenience, and emotional distress, as a direct and proximate result of Defendant SENECA's breaching of duty of good faith and fair dealing.

## VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

21.    Plaintiff MOUNTAINEER adopts the preceding averments by reference as if fully set forth verbatim herein.

22.    That upon information and belief, Defendant SENECA has violated provisions of the Unfair Claims Settlement Practices [West Virginia Code § 33-11-4(9)] of the West Virginia Unfair Trade Practices Act [West Virginia Code § 33-11-4 et seq.] by engaging in separate, discreet acts and omissions regarding Plaintiff MOUNTAINEER's claim such as the following: (a) misrepresenting pertinent facts or insurance policy provisions related to coverages at issue; (b) failing to acknowledge and act reasonably promptly upon

Page **5** of **8**

communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (f) not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear; (g) compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered; (h) attempting to settle a claim for less than the amount to which a reasonable person would have believed he/she was entitled by reference to written or printed advertising material accompanying or made part of an application; (i) attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured; (j) making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made; (k) making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration; (l) delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both which submissions contain

substantially the same information; (m) failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; (n) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or (o) failing to notify the first party claimant and the provider(s) of services covered under accident and sickness insurance and hospital and medical services corporation insurance policies whether the claim has been accepted or denied and if denied, the reasons therefor, within fifteen calendar days from the filing of the proof of loss.

23.     Upon information and belief, Defendant SENECA has engaged in unfair claims settlement practices with such frequency and pervasiveness as to indicate a general business practice.

24.     Plaintiff MOUNTAINEER has sustained compensatory damages in excess of the jurisdictional limits of Mingo County Circuit Court, including, but not limited to, economic loss, aggravation, inconvenience, and emotional distress, as a direct and proximate result of Defendant SENECA's unfair claims settlement practices.

25.     Defendant SENECA willfully, maliciously, and intentionally utilized unfair claims settlement practices in failing to settle Plaintiff MOUNTAINEER's claim, thereby entitling Plaintiff MOUNTAINEER to punitive damages.

## DEMAND

Plaintiff MOUNTAINEER hereby demands judgment against Defendant SENECA in

excess of the jurisdictional limits of Mingo County Circuit Court for the following damages and other relief:

      (a)     Policy proceeds;

      (b)     Attorney fees;

      (c)     Economic loss;

      (d)     Aggravation;

      (e)     Inconvenience;

      (f)     Emotional Distress;

      (g)     Punitive damages;

      (h)     Prejudgment interest; and

      (i)     Such other relief deemed appropriate under the circumstances.

**PLAINTIFF MOUNTAINEER DEMANDS A JURY TRIAL**

**PLAINTIFF MOUNTAINEER**
**By Counsel**

/s/ Jeffrey S. Simpkins
**Jeffrey S. Simpkins, Esq.**
**WVSB #9806**
***SIMPKINS LAW***
**102 E. 2nd Ave.**
**Williamson, WV 25661**
**304.235.2735**
**simpkinslawoffice@gmail.com**

AFTER FIVE DAYS RETURN TO

**NGO COUNTY CIRCUIT**
78 EAST 2ND AVE., ROOM 232
WILLIAMSON, WEST VIRGINIA 25661

7017 0660 0000 7409 9189

ZIP 25661 **$ 016.83**
02 4W
0000385202 AUG 24 2023



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse<br>so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece,<br>or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br>Seneca Insurance Company Inc<br>199 Water Street<br>New York, NY<br>10038 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>23-C-104 |
| ‖‖‖‖‖ 9590 9402 7770 2152 6397 48 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery<br>(over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted<br>Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation<br>Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7017 0660 0000 7409 9189 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |